**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRYL A. SADDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-CV-714 SRW |
| | ) | |
| DANIEL S. KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the amended complaint filed by self-represented Plaintiff Darryl A. Saddler, a pretrial detainee at the St. Charles County Department of Corrections ("SCCDC"). ECF No. 6. Because Plaintiff has been granted permission to proceed *in forma pauperis*, *see* ECF No. 5, the Court is required to review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim upon which relief may be granted. After reviewing the allegations, the Court will dismiss the official capacity claims against all Defendants for failure to state a claim.

**The Complaint**

Self-represented Plaintiff Darryl A. Saddler filed this action on the Court's "Prisoner Civil Rights Complaint" form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff names three Defendants in their official capacities only: (1) Daniel S. Keen, Director of SCCDC; (2) Dr. Unknown Rapoff; and (3) David Hoffmen. *Id.* at 2-3. His statement of claim, in its entirety, is as follows:

> I was refused medical treatment deliberately[.] It took place at 301-North 2nd Street[.] 2025 through 2026 it been over a year now! My broken hip was never treated correctly[.] My cancer was never treated[.] A severe rash are [illegible] covers my body[.] I asked to see a specialist and was refused!

*Id.* at 3. For relief, Plaintiff asks the Court to compel Defendants to provide medical treatment, as well as compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $10,000,000.

On August 26, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* and reviewed his complaint pursuant to 28 U.S.C. § 1915. ECF No. 5. Upon such review, the Court directed Plaintiff to submit an amended pleading because his claims, as written, were subject to dismissal. *Id.* at 4. The Court explained that he failed to make any allegations against the Defendants in his complaint, as he only provided general accusations that he was denied medical care. The Court provided Plaintiff with detailed instructions on how to present his claims and warned him that his failure to make specific factual allegations against any defendant would result in dismissal of that defendant. *Id.* at 4-5.

**The Amended Complaint**

Plaintiff filed an amended complaint on September 21, 2026. ECF No. 6. He names the same three Defendants in their official capacities only. *Id.* at 2-3. In his statement of claim, Plaintiff indicates that from May 13, 2025, to August 20, 2026, he asked unknown individuals for medical assistance regarding various issues, including requests for pain medication for a broken hip and dislocated knee, treatment of a rash, difficulty breathing, lightheadedness, back pain, an infection in his leg, and treatment for colon cancer. *Id.* at 4. Plaintiff claims he was told that he was scheduled for sick call visits. *Id.* Plaintiff's allegations are unclear regarding to whom he complained, who responded, and whether he was actually taken to medical for his complaints.

Plaintiff states that he is "being denied the right [to] medical treatment by staff member[s] who[] are employees at St. Charles Correctional Center." *Id.* He claims Defendant Rapoff "has denied [him] medical treatment for over a year and more[.]"*Id.* He alleges that Defendant Hoffmen "is the overseer at the Correctional Center and makes all the decision[s] in his official capacities

and is legally responsible for the operation of prison and the welfare of all inmates." *Id.* He alleges that Mr. Hoffman "conspired with" Dr. Rapoff "to not allow [his] hip replacement." *Id.* Defendant Keen is not mentioned in the statement of claim. Plaintiff requests the same relief as in his original complaint. *Id.* at 5.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that, "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). That said, even complaints submitted by self-represented parties must allege facts which, if true, state a claim for relief as a matter of law. *Martin*

*v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff, a pretrial detainee currently housed at SCCDC, brings this action against three Defendants in their official capacities only: (1) Daniel S. Keen, Director of SCCDC; (2) Dr. Unknown Rapoff; and (3) David Hoffmen. *See* ECF No. 6 at 2-3 (checks box for official capacity and leaves box for individual capacity blank). Plaintiff's express designation that he sues Defendants solely in their official capacities "forecloses recovery of personal liability damages from the defendants" in their individual capacities. *Reynolds v. Cook*, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025).

An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). In this case, Plaintiff's suit against the SCCDC Defendants in their official capacities is the functional equivalent of a suit against St. Charles County, Missouri.

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). But a municipality cannot be held liable

merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a r*espondeat superior* theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Essentially, there are three ways in which Plaintiff can prove the liability of St. Charles County, Missouri.

First, Plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cnty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). Regarding a policy that is unconstitutional on its face, a plaintiff needs no evidence other than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted

and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, a plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, a plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Third, a plaintiff can assert a municipal liability claim for a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must show that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is accomplished by a plaintiff's establishing a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

In this case, Plaintiff has failed to assert any facts alleging an unconstitutional policy, custom, or failure to train or supervise by St. Charles County. At a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff does not impute the misconduct of the individual Defendants to the County's policies or customs. The amended

complaint also fails to demonstrate liability arising out of a failure to train because Plaintiff has not alleged a pattern of unconstitutional acts by St. Charles County employees. Thus, Plaintiff's claims against Defendants in their official capacities fail to state a claim and are subject to dismissal.

Even if Plaintiff checked the boxes for "individual capacity" in the form complaint, such claims still would not survive. Although Plaintiff generally alleges that he asked for medical assistance and his requests were denied, he fails to state any supporting facts as to when he spoke to each of the three specific Defendants and how they actually denied him medical care. Plaintiff must allege facts connecting each Defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

"It is not enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who , what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see also Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). Plaintiff's allegations, without any additional facts, are simply too vague and conclusory to permit the inference that Defendants were deliberately indifferent to a serious medical need.

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's official capacity claims against Defendants Daniel S. Keen, Dr. Unknown Rapoff, and David Hoffmen, brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October 2026.